J-S31037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE VINCE CURRY-BERRY | |
| Appellant | No. 1179 MDA 2014 |

Appeal from the Judgment of Sentence of July 2, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0001360-2013

BEFORE: BENDER, P.J.E., ALLEN, J., and WECHT, J.

JUDGMENT ORDER BY WECHT, J.:                          **FILED JULY 10, 2015**

Tyree Curry-Berry appeals the July 2, 2014 judgment of sentence. We affirm.

Following a jury trial, Curry-Berry was convicted of burglary, conspiracy to commit burglary, conspiracy to commit trespass, and two counts of conspiracy to commit theft by unlawful taking based upon his involvement in the breaking into a residence with two other individuals and stealing jewelry and firearms. On July 2, 2014, the trial court sentenced Curry-Berry to an aggregate term of two to seven years' incarceration.

On July 8, 2014, Curry-Berry filed a notice of appeal. In response, the trial court directed Curry-Berry to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Curry-Berry timely

filed a concise statement. On September 8, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

In this appeal, Curry-Berry presents the following issues for our review:

> 1. Whether [Curry-Berry] was denied a fair trial when his trial counsel was ineffective for:
>
>    A. Failing to file [Pa.R.Crim.P. 600] motions on [Curry-Berry's] behalf seeking nominal bail; and
>
>    B. Failing to adequately meet with [Curry-Berry] in order to prepare for trial so as to effectively prepare for the cross-examining of witnesses.

Brief for Curry-Berry at 4.

Both of Curry-Berry's issues involve claims of ineffective assistance of counsel ("IAC"). Pursuant to the current state of our law, these claims are not cognizable on direct appeal. Rather, they must be raised in the first instance in a subsequent Post Conviction Relief Act ("PCRA") petition.[1] In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court considered "the reviewability of claims of IAC on direct appeal." *Id.* at 563. Following a comprehensive review of the language codified in the PCRA and decisions from our courts, the Court reaffirmed the principle that IAC claims must be deferred until collateral review, and, thus are not reviewable on direct appeal. *Id.* at 563, 564. The Court crafted two exceptions to this

---

[1] *See* 42 Pa.C.S. §§ 9541-46.

general proscription. *Id.* First, the Court held that a trial court may, in its discretion, entertain IAC claims where extraordinary circumstances exist such that review of the claim would best serve the interests of justice. *Id.* at 564, 579-80. Second, the Court reposed discretion in trial courts to review IAC claims during post-sentence motions only if there is good cause shown, and the unitary review so indulged is preceded by the defendant's knowing and express waiver of his or her entitlement to seek PCRA review from his or her conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial restrictions of the PCRA. *Id.* at 563, 580.

There is no indication in the record that extraordinary circumstances exist in this case such that Curry-Berry's IAC claims warrant review on direct appeal or that Curry-Berry expressly waived his right to PCRA review. Consequently, in light of *Holmes*, Curry-Berry's claims of ineffective assistance of counsel are not cognizable in this direct appeal.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015

- 3 -